ROBERT AND KATHLEEN ROSA, JOSEPH M. LOGAN, AND MRS. LAWRENCE FERRARIS, PLAINTIFFS-RESPONDENTS, v. UNITED JERSEY BANK (SUCCESSOR TO PEOPLES TRUST OF NEW JERSEY), EXECUTOR OF THE ESTATE OF JAMES P. QUINN AND MARTIN J. CUMMINS, TRUSTEE, SOLE SURVIVING TRUSTEE OF THE ESTATE OF JOHN R. QUINN, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted April 2, 1979—Decided April 16, 1979.

Before Judges Allcorn, Seidman and Botter.

*Messrs. Fierro* and *Fierro,* attorneys for appellants (*Mr. Daniel A. Fierro, Jr.,* on the brief).

No brief was filed on behalf of respondents.

Per Curiam. The sole question presented by this appeal is whether the small claims division of a county district court has jurisdiction over complaints filed by tenants against their landlord to recover statutory damages under the provisions of the Tenants' Property Tax Rebate Act, *N. J. S. A.* 54:4-6.2 *et seq.*[1] The landlord's contention that the small claims division did not have subject-matter jurisdiction was rejected by the trial judge, who deemed the claims "in the broad sense" to sound in contract as a refund of rent. Judgment was entered in favor of plaintiffs and this appeal followed. We reverse.

Plaintiffs in this case received rent rebates from their landlord in January 1978. Each claimed, however, that payment should have been made not later than December 31, 1977.[2] They invoked *N. J. S. A.* 54:4-6.11, which imposes

[1] *N. J. S. A.* 54:4-6.4 requires an owner of qualified real rental property to provide a property tax rebate to the tenants thereof for each year in which the owner receives a property tax reduction. (Prior to an amendment effective May 3, 1977, *L.* 1977, c. 81, § 2, the section specified "each tax period" instead of "each year.").

[2] The statute as now amended gives the owner the option of crediting the rebate as a rent reduction or paying it directly to the tenant. *N. J. S. A.* 54:4-6.7. It is to be noted that prior to the amendment referred to in footnote 1, *supra*, the owner was required to pay the rebate within 45 days from the date of the tax collector's notification of the tax reduction. No provision was made for crediting the rebate against the rent. It is not clear from the record here when the tax reduction which led to the rebate was announced by the tax collector.

upon a property owner who fails to provide a tenant with a tax rebate liability for twice the amount of the rebate or $100, whichever is greater. Since the rebate in each case here was less than $100, the tenants demanded and were awarded judgments in the larger amount, less the rebate actually received.

The small claims division of the county district court is a creation of the Legislature. *N. J. S. A.* 2A:6–41 *et seq.* Its jurisdiction is delineated in *N. J. S. A.* 2A:6–43 as follows:

The division of small claims of the county district court shall have jurisdiction of actions in contract and actions for property damages resulting from negligence in a motor vehicle accident and *actions between landlord and tenant where the amount in dispute is the return of all or part of a security deposit,* which jurisdiction shall be coextensive with the county district court where the debt, balance, penalty or other contractual or negligence matter in dispute does not exceed, exclusive of costs, the sum of $500.00 [Emphasis supplied]

The Legislature has unmistakably evidenced its intent to limit landlord-tenant actions in the small claims division to the single category mentioned in the statute. While the trial judge attempted to designate the claim as a contract action, we doubt that it was contractual in nature, since the right to the rebate is statutory. But even if the claim sounded in contract, the action would still be one between landlord and tenant, and, a return of deposit not being involved, would not be within the clearly limited jurisdiction of the small claims division.

Ordinarily, if a court is without subject matter jurisdiction, it shall on motion or its own initiative order the action transferred to the proper court, there to be proceeded upon as if it had been originally commenced in that court. *R.* 1:13–4(a). If such action is appealed without having been transferred, the appellate court may decide the appeal and direct the appropriate judgment to be entered in the court to which the action should have been transferred. *R.*

1:13–4(b). However, we choose not to do so in light of the limited proceedings below, the essential thrust of the defense being the lack of jurisdiction and not the merits of the controversy.

Accordingly, the judgment is reversed and the matter is remanded to the Bergen County District Court for a plenary trial on the merits. We do not retain jurisdiction. No costs.